## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

PAUL M. LILLY, SR.                                                                              PLAINTIFF

V.                                        NO.   4:09CV00740

H. LYNN HEMPHILL et. al.                                                                DEFENDANT

### ORDER

Plaintiff has filed the following documents *pro se*: (1) Application to proceed *in forma pauperis* and (2) Complaint.

There is a two-step process to be followed by the district court in considering whether a *pro se* plaintiff should be permitted to proceed *in forma pauperis*. *Martin-Trigona v. Stewart,* 691 F.2d 856 (8th Cir. 1982). First there is a determination of whether the plaintiff qualifies by economic status under 28 U.S.C. § 1915(a). If he does, the complaint is permitted to be filed. *Id*. Second, assuming the allegation of poverty is not untrue, a determination is made under § 1915(e)(2)(B) of whether the cause of action stated in the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If so, the complaint is to be dismissed. *Id.*[1]

---

[1] In *Martin-Trigona,* the Eighth Circuit noted that "[s]ome courts have blurred the distinction between § 1915(a) and § 1915[(e)(2)(B)] by approving the practice of denying leave to proceed in forma pauperis on the ground that the complaint is frivolous or malicious." 691 F.2d at 857. The Court stated, however, that [t]he practice observed by most courts is to consider only the petitioner's economic status in making the decision whether to grant leave to proceed in forma pauperis" and that "[o]nce leave has been granted, the complaint should be filed and the court should consider whether to dismiss pursuant to § 1915 [(e)(2)(B)]." *Id. See also Haugen v. Sutherlin*, 804 F.2d 490, 491 n.2 (8th Cir. 1986)(the court may certify that the plaintiff may proceed in forma pauperis, assuming verification that the plaintiff is a pauper, and may allow plaintiff to file the complaint without paying a filing fee; however, before requiring service of process on the defendant(s), the court should evaluate the complaint to determine if it is frivolous on its face and, if so, it should be dismissed).

Because it appears that plaintiff's economic situation qualifies him for *in forma pauperis* status, the Court hereby grants plaintiff's application to so proceed.

Plaintiff's complaint, as it now stands, is too vague and conclusory to enable the Court to determine if the complaint is frivolous, fails to state a claim for relief, or does in fact state a legitimate cause of action. 28 U.S.C. § 1915(e)(2)(B). Although plaintiff lists several individuals as defendants in the body of his complaint, he does not include any specific allegations of constitutional violations against any of these individuals. Accordingly, plaintiff is directed to file an amended complaint within thirty (30) days of the date of this Order and specifically and clearly state the following: (1) the name of each individual personally involved in the actions at issue in the complaint; (2) how each individual was personally involved in those actions; and (3) how each individual violated the plaintiff's constitutional rights. Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places. Failure to file an amended complaint will result in the dismissal of this action without prejudice.

IT IS SO ORDERED this 17th day of September, 2009.

James M. Moody
United States District Judge