IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PAUL M. LILLY, SR.                                                                       PLAINTIFF

V.                                         NO.    4:09CV00740

H. LYNN HEMPHILL et. al.                                                              DEFENDANT

ORDER

Plaintiff filed the following documents *pro se*: (1) Application to proceed *in forma pauperis* and (2) Complaint.   On September 17, 2009 the Court granted plaintiff's application to proceed *in forma pauperis* but found that  Plaintiff's complaint was to vague and conclusory to enable the Court to determine if the complaint is frivolous, fails to state a claim for relief, or does in fact state a legitimate cause of action.  28 U.S.C. § 1915(e)(2)(B).  Plaintiff has now filed an amended complaint.

After careful review of the complaint, it is the opinion of this Court that the allegations contained in the complaint fail to state a claim on which relief may be granted and that case should be dismissed.  In considering this decision, because Plaintiff is proceeding *pro se*, the Court has afforded him a liberal construction of his complaint. Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis*  if the Court finds that "the action or appeal- (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted. . . ."  28 U.S.C. § 1915(e)(2)(B)(i)(ii).

Plaintiff's Amended Complaint names twenty-two defendants and recites facts beginning in 1980 and extending to the present day.  It includes complaints of "kidnapping for profit," disappearance of records, "oral sexual assault," refusal to file charges, refusal to appeal,

malpractice, "infliction traumatic stress", conspiracy, "unlawful chemical castration," complicity to kidnapping, theft of records, and attempted murder. It is the opinion of this Court that the allegations in the complaint fail to state a claim on which relief may be granted, and that justice will be served by the dismissal of the complaint.

Plaintiff has not pled a federal cause of action. If Plaintiff's is attempting to proceed pursuant to 42 U.S.C.§1983, Plaintiff failed to state facts from which the Court can find that the defendants are state actors who violated Plaintiff's constitutional rights. Further, most of the allegations in Plaintiff's complaint relate to events occurring more than three years ago. The applicable statute of limitations governing a §1983 claims is three years. *Morton v. City of Little Rock*, 934 F. 2d 180 (8th Cir. 1991). Plaintiff filed his complaint on September, 15, 2009, accordingly, any causes of action arising before September 15, 2006 are time barred. Additionally, Plaintiff names a number of defendants who reside in or work in the State of Arkansas. Accordingly, the Court does not have diversity jurisdiction over the parties.

Wherefore, the Court orders that this case be dismissed and closed.

IT IS SO ORDERED this 1st day of October, 2009.

James M. Moody
United States District Judge